### KINGREY v OLDFATHER et

Ohio Probate Court, Montgomery Co

Decided Feb 11, 1938

Ernestine Breisch, Dayton, for petitioner.
Byron Murr, Dayton, for Sarah Jane Oldfather.

## OPINION

By WISEMAN, J.

This matter comes on to be heard on a general demurrer filed by the plaintiff to the answer of Sarah Jane Oldfather, one of the defendants in this action, which is a land sale proceeding.

A demurrer searches the record and the record in this case shows that the plaintiff, being the administratrix de bonis non with the will annexed of the estate of Isaac Ulrich, on September 2, 1937 filed a suit in this court naming devisees, legatees and lien holders as parties defendant and alleging that "the cost of administering the estate will be approximately one thousand seven hundred and fifty ($1750.00) dollars"; that "the inheritance taxes which were due June 15, 1921 and remain unpaid, amount to one hundred seven dollars and twenty-three cents ($107.23) with interest at eight per cent (8%) per annum"; and "the valid debts against the said deceased are four hundred twenty-eight Dollars and fifty cents ($428.50), representing funeral expenses of Mary C. Ulrich, wife of Isaac Ulrich, deceased, and made chargeable against this estate by virtue of a provision of the will of said Isaac Ulrich, deceased; and that "there is no personal property remaining with which to pay the debts and costs of the estate."

The defendant, Sarah Jane Oldfather, a devisee under the will of Isaac Ulrich and the owner in remainder of the land which is sought to be sold in this suit, filed an answer in which the defendant "denies that there are any valid debts charged against the said estate which are now unpaid. This defendant says that she paid the funeral expenses of Mary C. Ulrich, widow of Isaac Ulrich, deceased, at the time of the decease of the said Mary C. Ulrich and prior to the appointment of the plaintiff

as administratrix de bonis non with will annexed. This defendant says that she filed a claim with the plaintiff herein, prior to the filing of the petition herein, for the reimbursement of the said funeral expenses of Mary C. Ulrich, but that at that time she did not know that the real estate devised to her was the only asset to pay said claims. Defendant further says that since the filing of the petition herein she has paid in full, with interest, all inheritance taxes charged against defendant, Jesse Ulrich, Sarah Jane Oldfather, defendant, Ada Katherine Kingery, defendant, Mary C. Ulrich, now deceased, and Reformed Church and that she has paid the legacy to the Reformed Church since said petition was filed.

Defendant further says that since the filing of the petition she waived a refund of the funeral expenses of Mary C. Ulrich, her mother; she has waived a refund of the inheritance taxes, and the legacy to the Reformed Church, and is not asking contribution from other defendants herein. That she now waives all rights and claims for reimbursement for said payments and attaches hereto and files herewith a waiver signed by herself of such moneys advanced by her for the payment thereof.

This defendant further says that the costs of administration are not charges against the said estate for which the real estate may be sold.

The plaintiff has filed a general demurrer to the answer of Sarah Jane Oldfather on the ground that "said answer does not state a defense to the petition of the plaintiff."

If the suit is brought to sell real estate to pay debts, the persons interested may defeat the action by compliance with §10510-36 GC, which provides in substance that if after the action is commenced and before the order of sale is granted any person interested in the estate gives a bond to the executor or administrator in an amount approved by the court, conditioned to pay all debts and legacies found due from an estate, the charges of administration, * * * so far as the personal estate of the deceased is insufficient to pay the same, an order of sale shall not be granted. It will be observed that the defendant alleges in her answer either the payment of all claims against said estate or a waiver of claims which formed the basis of the suit to sell real estate to pay debts with the exception of the costs of administration, including compensation to counsel, in an amount of

approximately one thousand seven hundred and fifty ($1750.00) dollars.

If the land sale proceeding is properly brought in the first instance, this court is of the opinion that the action can not be defeated unless all the debts are either paid or secured to be paid as provided by §10510-36 GC and in addition thereto the charges of administration, which include reasonable compensation to counsel. In the case at bar the charges of administration are not paid, neither are they secured to be paid. It is contended, on behalf of the defendant, Sarah Jane Oldfather, that it is not incumbent upon her to pay or secure the payment of the charges of administration for the reason that the action was not properly brought in the first instance, the claim being made that a land sale proceeding can not be instituted by the administrator for the purpose of paying inheritance taxes or for the purpose of paying the funeral expenses of the testator's deceased wife, which expenses were chargeable against the estate of the testator by virtue of a provision of the testator in his will. The defendant further contends that a land sale proceedings can not be instituted for the purpose of paying only the costs of administration, including compensation to counsel.

Land sale proceedings may be instituted under either §§10510-2 or 10510-3, GC.

Sec 10510-2 GC provides:

"As soon as an executor or administrator ascertains that the personal property in his hands is insufficient to pay all the debts of the deceased, together with the allowance to the widow and children for twelve months, and the cost of administering the estate, he shall commence a civil action in the Probate Court or the Common Pleas Court for authority to sell the decedent's real estate."

The next succeeding section §10510-3 GC provides as follows:

"When, by operation of law or the provisions of the will, a legacy is effectual to charge real estate, and the personal property is insufficient to pay such legacies, together with all the debts, the allowance to the widow and children for twelve months and the cost of administering the estate, the executor or administrator with will annexed shall commence a civil action in the Probate Court or Common Pleas Court for authority to sell the real estate so charged."

The court must determine whether or not the action of the plaintiff has been properly brought under either one of these two sections.

Inasmuch as it has been held that the costs of administration including compensation to counsel, are only incidental, a land sale proceedings can ▋▋ not be instituted to pay such costs of administration, including compensation to counsel, if such charges be the only claims which remain unpaid. It has been held that within the meaning of the statutory provisions governing land sale proceedings, the debts of the deceased, for which lands may be sold, are debts contracted or incurred by the deceased himself. **Carr, Guardian v Hull et, 65 Oh St 394.**

If the land sale proceeding has been properly instituted for the purpose of paying "debts of the deceased," the costs of administration, including counsel fees, follow as an incident to the land sale proceedings and must be discharged or secured to be paid under §10519-36, GC, if the action is to be defeated. Therefore, the court must consider whether or not this action was properly instituted under either §§10510-2 or 10510-3, GC, for the purpose of either paying the funeral expenses of the testator's wife, Mary C. Ulrich, or the inheritance taxes. In the testator's will he provides in Item Three as follows:

"My will is that at the death of my wife, Mary C. Ulrich, that all just debts and funeral expenses be paid."

This court holds that the expense incurred by the defendant, Sarah Jane Oldfather, in the burial of the testator's wife, Mary C. Ulrich, under the terms and provisions of his will was not a "debt of the deceased" within the provision of §10510-2 GC. In the case of Deaton v Dorsey, 78 N. J. L. 229, wherein the testator made a similar provision in his will respecting the payment of his wife's funeral expenses and just debts, the court held that the creditors of the widow were first required to reduce their claims to judgments by prosecuting their claims against the executor or administrator of the deceased wife's estate, and that until these claims were reduced to judgments, the creditors of the wife could not present their claims against the estate of the testator. The court, on page 223, say:

"The direction in the will, to distribute the estate after payment of the wife's just debts, is in the nature of a legacy. It is not a contract made by the testator, nor does it furnish the foundation of an action at law to be enforced against the executor."

This estate again received attention by the New Jersey Courts, apparently after the creditors had reduced their claims to judgments. The case is reported under the title Morrison v Dorsey, 77 N. J. Eq. 460. A part of the syllabi reads as follows:

"The Orphans Court, authorized by statute to order a sale of lands of a decedent for the paying of his debts when the personalty is insufficient for that purpose, may not order the sale of the real estate of a testator to pay the debts and funeral expenses of his wife, notwithstanding his will, devising his estate to his wife for life, and at her death after the payment of the wife's debts and funeral expenses, to a daughter; the word "debts" in the statute referring to the debts of decedent alone."

The court, on page 463, in determining whether or not the administratrix with will annexed of the testator had the right to bring a suit to sell the lands of the testator to pay the judgments procured by the creditors of the deceased wife and a judgment for funeral expenses, say:

"Has the Orphans Court jurisdiction to order the sale of the lands in question under the provisions of the statute for the sale of lands for the payment of debts? I think not. The proceedings which have been taken to procure the order of sale have been under and pursuant to the provisions of the statute which authorizes the Orphans Court to order land sold for the paying of debts of a testator or intestate. The claims for which the present sale is about to be made are not debts of James H. Morris. The will of James H. Morris contemplates that these claims shall be paid out of his estate; but they are not his debts. The direction in his will to the effect that if his widow should die leaving debts of her own, such debts should be paid out of his estate, is, as stated by the Supreme Court in the case already referred to, in the nature of a legacy; and the same may be said as to the provision for the payment of the funeral expenses of his widow. I know of no legislation which clothes the Orphans Court with power to order the sale of real estate to thus enable an ex-

ecutor to comply with the directions of a will. If no power of sale of real estate is vested in an executor by the terms of a will, he can only acquire that power from the Orphans Court in such cases as the statute has authorized that court to confer the power. The legislature has empowered the Orphans Court to authorize the sale of lands of a testator or intestate for the payment of the debts of the testator or intestate when the personal property is insufficient for that purpose; but the statute goes no further. Certain words of this statute have been held to indicate a legislative intent to embrace in that statute expenses and allowances in the settlement of the estate (Personette v Johnson, 40 N. J Eq. 13 Stew. 173), but the "debts" referred to throughout the act are debts of decedent."

This court in construing §10510-2, GC, finds that it does not contain any provision which would authorize this administrator to sell lands of the testator for the purpose of paying the "just debts and funeral expenses" of the testator's wife, Mary C. Ulrich. The authority of the administrator or executor to bring a land sale proceedings to pay debts of the decedent is strictly statutory and unless the statute clearly authorizes such an· action to be brought, the administrator or executor is not empowered to do so.

Since the provision in the testator's will, respecting the payment of the just debts and funeral expenses of his wife has been construed to be in the nature of a legacy, it may be contended that authority to bring a land sale proceedings is given by §10510-3, GC, which provides for the bringing of such an action for the purpose of paying a legacy which is a charge on the real estate. There is no allegation in the pleadings and it is not contended that the "just debts and funeral expenses" of the testator's wife, Mary C. Ulrich, is a charge upon the real estate sought to be sold. The real estate sought to be sold was specifically devised and was not chargeable with the payment of the "just debts and funeral expenses" of testator's wife by the terms of the will. The court holds that the claim of Sarah Jane Oldfather for reimbursement for the payment of the funeral expenses of the testator's wife, even though it was in the nature of a legacy, was not chargeable on the real estate which would authorize the administratrix herein to file a land sale proceedings for its payment.

The court must now consider whether or not the administratrix had the authority to bring the land sale proceedings for the purpose of paying the inheritance taxes. The answer in this case alleges that the inheritance taxes which remain unpaid were charged against this answering defendant, Sarah Jane Oldfather, and other beneficiaries under the will of the testator. Consequently, a portion of the inheritance taxes which remain unpaid were inheritance taxes existing against the defendant, Sarah Jane Oldfather, on the value of the succession of the land sought to be sold in this proceedings. It is contended that the inheritance taxes are not "debts of the deceased" for which a land sale proceedings may be brought under §10510-2 GC.

The court wishes to quote a portion of §5336, GC, as follows:

"He may sell so much of the estate of the decedent as will enable him to pay said taxes in like manner as he would be empowered to do. for the payment of the debts of the decedent."

The court wishes to cite the case of In Re Estate of Saviers, deceased, decided by the Court of Appeals for the Second District on October 2, 1936, (23 Abs 166). The court quotes from the opinion which was rendered by Judge Hornbeck:

"On July 11, 1934, an action was instituted by the executor of the estate of Columbus D. Saviers to sell the aforesaid property to satisfy the unpaid inheritance tax lien." * * *

"The taxes fixed by the section became a debt, due and payable, on the date of the death of the decedent. §10510-2, GC controlling the action to sell real estate to pay debts, provides that the action may be brought as soon as the executor or administrator ascertains that the personal property in his hands is insufficient to pay all the debts of the deceased, together with the allowance to the widow and children for twelve months and the costs of administering the estate. Included, then, within the debts which constitute all the debts of the deceased was the succession tax, due and payable under §5336, GC. Chamberlin v Stecher, 78 Oh St 271; Wellman v Cleveland Trust Company, 107 Oh St 267." * * *

"This seems to us to be the reasonable conclusion to be drawn in this case. By the terms of the statute, the executor is empowered to sell the real estate of the

decedent to pay the inheritance tax which has attached by virtue of §5336, GC and in part this could have been the cause of the sale by the executor."

Under §5336, GC, the administrator of the estate is made personally liable for the payment of the inheritance taxes and is authorized to withhold property from a beneficiary or an heir-at-law until such taxes are paid. This section makes it the duty of the administrator to collect the tax from the persons who succeed to the property and it was incumbent upon the legislature to empower the administrator, for the purpose of safeguarding his personal liability, to sell the property in question for the purpose of collecting the tax. If the property to be passed is money or securities, little or no difficulty will arise, but if a person succeeds to real estate, and if the beneficiary refuses to pay the tax, most certainly the administrator must have some authority given to him to collect the tax out of the property which passes. The legislature, therefore very wisely provided that the administrator "may sell so much of the estate of the decedent as will enable him to pay said taxes." The court wishes to observe that the legislature also recognizes the fact that the inheritance taxes which are assessed are not considered debts of the deceased and provided that the administrator shall have the power to bring an action "in like manner as he would be empowered to do for the payment of the debts of the decedent." These words just quoted clearly indicate that the legislature did not regard the inheritance taxes as debts of the decedent within the meaning of §10510-2, GC, and, therefore, it gave authority to the administrator in administering the inheritance tax law of the state of Ohio to sell so much of the estate of the decedent as would enable him to pay said taxes, and provided that the action which he is permitted to bring is an action similar in character to an action brought by the administrator for the purpose of paying the debts of the decedent. This court, in construing §5336 GC together with §10510-2, GC concludes that the legislature did empower the administrator to file an action to pay inheritance taxes, which action is similar in character to one brought for the purpose of paying the debts of the decedent. This court arrives at the same conclusion as did Judge Hornbeck in the case of In Re Estate of Saviers, deceased, but by a different process of legal reasoning. See

Chamberlin v Stecher, 78 Oh St 271, 275; also Wellman v Trust Co., 107 Oh St 267, 274.

This court does not believe that the inheritance tax assessed upon the succession of the property passing to a beneficiary is a debt of the decedent within the meaning of §10510-2, GC, but the court does believe that the legislature had the power to clothe the administrator with authority in administering the inheritance tax law to bring a land sale proceeding, but only for the purpose of paying the inheritance tax assessed on the particular property sought to be sold. Consequently, this action was properly brought for the purpose of paying inheritance taxes, a portion of which was assessed against this answering defendant, Sarah Jane Oldfather, on the succession of the real estate which is sought to be sold. In construing §5336, GC, this court holds that the authority given to the administrator to sell so much of the estate of the decedent as will enable him to pay the inheritance taxes grants to him the authority to sell only that portion on which the inheritance tax is assessed. The administrator has no authority to sell the lands passing under a succession to one devisee for the purpose of discharging the inheritance tax claim on other lands passing under another succession to another devisee. Therefore, this petitioner will not be permitted to sell other tracts of real estate passing to other beneficiaries on which the inheritance tax which remained unpaid was not assessed.

This action having been properly brought under §5336 GC and costs of administration and counsel fees having been incurred, it then became incumbent upon the defendant, Sarah Jane Oldfather, to discharge not only the inheritance tax claim on the property devised to her and sought to be sold, but, also, to pay the costs of administration and counsel fees incurred in bringing the action, in order to defeat the action. While this court does not believe that §10510-36 GC has any application to an action brought under §5336, GC, yet the court in its exercise of its general powers would be disposed to follow the provisions of §10510-36 GC in principle. §10510-36 GC applies only to land sale proceedings brought for the purpose of paying debts of the deceased under §10510-2 GC or legacies under §10510-3 GC. The provision in §5336 GC referring to land sale proceedings are only words of reference

154

to designate the character of the action and does not require or permit the court to apply all the statutory provisions relative to land sale proceedings to an action instituted under the provisions of §5336 GC. This court is of the opinion that the defendant would not be required in an action instituted under §5336 GC to sell lands to pay inheritance tax assessed on the succession of such lands, to pay █ general costs or charges of administration, including compensation to counsel for services rendered in the general administration of the estate, in order to defeat the action. The Probate Court has the authority and would require the defendant to pay not only the inheritance tax assessed on the succession of the land sought to be sold but also such costs and charges of administration, including reasonable compensation to counsel, incurred in bringing the action under §5336 GC, before the court would make an order dismissing the action. The Probate Court has the inherent power to require the court costs to be paid, and since §5336 GC imposes a legal duty on the administrator to collect the inheritance tax, and to institute suit if necessary against the beneficiary who neglects or refuses to pay the tax, the Probate Court has the authority to allow reasonable compensation to counsel who renders legal service in bringing such an action. The answer of the defendant, Sarah Jane Oldfather, is silent in regard to the payment of costs or charges of administration and compensation to counsel. The court, therefore, holds that the demurrer filed to the answer should be sustained on the ground that the answer does not allege facts sufficient to constitute a good defense to the action.